FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -6 PM 12:24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD NICHOLS | * | CIVIL ACTION |
| VERSUS | * | NO. 00-103 |
| ALBERTO GONZALES | * | SECTION: "C" |

**PETITION FOR HABEAS CORPUS RELIEF**
**PURSUANT TO 28 U.S.C. § 2241**

The federal Bureau of Prisons, through the United States Marshal's Office, arrested the petitioner, Mr. Nichols, without cause. Mr. Nichols had been released to the custody of the Volunteers of America half-way house in the summer of 2005 pursuant to Bureau of Prisons policy of having inmates serve the last six months of their sentence in a half-way house type facility. Due to Hurricane Katrina, the Bureau of Prisons instructed Mr. Nichols to leave and seek refuge with relatives. He did, and was abiding by those instructions. Approximately two weeks ago, the Bureau of Prisons issued a warrant for his arrest based on nothing more than the fact it did not wish to relocate him to another half-way house to complete his sentence.

___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No ___

As a threshold matter, the petitioner notes that § 2241 is the proper procedural vehicle to redress his reconfinement by the Bureau of Prisons because such reconfinement clearly involves the execution of his sentence rather than its validity and petitioner is now jailed in this judicial district. **United States v. Gabor**, 705 F.2d 76, 77-78 (5th Cir. 1990); see also **United States v. Scott**, 803 F.2d 1095, 1096 (10th Cir. 1986). Additionally, this matter implicates a closely related issue that only the sentencing court can resolve. When sentencing the petitioner, it undoubtedly was this Court's intent that he should serve the normal sentence administered by the Federal Bureau of Prisons. That is, a sentence in which the last six months was to be served in a half-way house facility. Only this Court can say if indeed such a sentence was contemplated.

Here, the petitioner was successfully serving his six months half-way house sentence (he had served approximately two months). At this juncture, as just noted, he had to leave due to Hurricane Katrina. At all times he has adhered to the instructions of the Bureau of Prisons. Without a hearing, notice or written decision, the Bureau of Prisons had him arrested on January 4, 2006, and now insists he remain incarcerated for four months. Such action violates the petitioner's right to due process of law and also implicates the Ex Post Facto Clause of the Constitution. The only fathomable reason for such action is the Bureau of Prisons does not wish to spend either the money or the effort to find another Community Confinement Center (CCC) to house Mr. Nichols. In that the petitioner is only incarcerated because the Bureau of Prisons will not fulfill its obligation to continue his residency in a half-

way house facility such grounds do not justify its decision to order his reconfinement. Petitioner further argues that the Bureau of Prisons, if queried, will admit that the petitioner did not violate any Bureau of Prisons regulation or half-way house rules and received no hearing on this matter. Cf. **Conlon v. Wooten**, 74 F.3d 1248 (Table), 1995 WL 70061 (10th Cir. (Colorado)) (unpublished).

While incarcerated, a person does not have a "liberty interest" entitling him to release to a CCC facility. Accordingly, the BOP can change its release policy at will. However, once released and residing in such a facility an individual again becomes endowed with a fundamental right to liberty. In light of this, the retroactive change in BOP policy reincarcerating Mr. Nichols based on nothing more than the federal government's budgetary concerns results in an *ex post facto* and/or due process violation infringing his right to be free from bodily restraint. **Hurt v. Federal Bureau of Prisons**, 323 F. Supp. 2d 1358, 1367 (U.S.D.C., M.D. Georgia 2003) (cites cases). Petitioner submits that this Court has the authority to adjust his sentence downward by four months to conform with the original sentencing intent so that he will as of this date have completed his sentence and be released.

Or, alternatively grant such other relief as the Court deems appropriate such as ordering his immediate release.

Respectfully submitted this 6th day of January, 2006.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

ROBERT F. BARNARD
Assistant Federal Public Defender
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
LSBA No. 2760

**CERTIFICATE**

I hereby certify that a copy of the foregoing has been served on Maurice Landrieu, Assistant United States Attorney, 500 Poydras Street, 2nd Floor, Hale Boggs Federal Building, New Orleans, Louisiana 70130 by hand-delivering same, this 4th day of January, 2006.

ROBERT F. BARNARD
Assistant Federal Public Defender

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 JUL 18 PM 3:49
LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA — CRIMINAL ACTION

vs. DONALD NICHOLS
26053 A. MOSES ROAD
ANGIE, LOUISIANA 70426

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 (SOC. SEC. NO.)

00-00103-001 "C" (CASE NO./SEC.)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date ---( Month JULY Day 18, Year 2001 )

XX WITH COUNSEL ROBERT BARNARD (Name of Counsel)

Assistant U.S. Attorney: DOUGLAS FREESE
Court Reporter: O. J. ROBERT

U.S. Probation Officer: CATHERINE HARBISON
Courtroom Deputy: KIMBERLY A. COUNTY

**PLEA:** XX **GUILTY,** and the court being satisfied that there is a factual basis for the plea.

___ **NOLO CONTENDERE** ___ **NOT GUILTY**

There being a finding of

___ **NOT GUILTY.** Defendant is discharged.
XX **GUILTY ON 12/14/00 AS TO COUNT 1 OF THE INDICTMENT.**
**PLEA ACCEPTED UNCONDITIONALLY AT SENTENCING**

Defendant has been convicted as charged of the offense(s) of 21 USC § 846 - CONSPIRACY TO DISTRIBUTE COCAINE BASE

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months as to Count 1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years as to Count 1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the standard and mandatory conditions that have been adopted by this Court and shall not possess a firearm. In addition, the following special conditions are imposed: 1. The defendant shall provide the probation officer with access to any requested financial information. 2. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer. 3. The defendant shall participate in an orientation and life skills program as directed by the probation officer. The Court waives the fine in this case. Government's motion to dismiss counts 2 through 6 of the indictment against Donald Nichols - GRANTED. It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons by 12:00 noon on August 23, 2001.

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment of $ 100.00 as to Count 1, for a total assessment of $ 100.00

**IT IS FURTHER ORDERED** that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, **IT IS HEREBY ORDERED** that the general conditions of probation/supervised release set out on the reverse side be imposed.

**SIGNED BY:** [signature]
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE
(Date) July 18, 2001

CERTIFIED AS A TRUE COPY
ON THIS DATE ___
BY KC ___
Deputy Clerk

Fee ___
Process ___
X Dktd ___
CtRmDep ___
Doc.No. 89

DATE OF ENTRY
JUL 19 2001

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully, all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within seventy-two hours prior to any change in residence and within seventy-two hours of any change in employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

---

The court makes the following recommendation to the Bureau of Prisons:

**IT IS ORDERED** that the Clerk deliver a certified copy of this Judgment and Commitment to the U.S. Marshal or other qualified officer.

---

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________________________ at

____________________________, with a certified copy of this Judgment.

____________________________
United States Marshal

____________________________
Deputy Marshal

USP-3cc
USM-1cc
OCS-1cc
AUSA-1cc
State of LA 1cc
Kohnke-1cc
Financial
Work File